**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 98-IA-00195-SCT**

**CONSOLIDATED WITH**

**NO. 98-CA-00015-SCT**

*JASON LEE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/25/1997 |
| TRIAL JUDGE: | HON. SHIRLEY C. BYERS |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LELAND H. JONES, III |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: FELEICA ANN LOCKHART |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 4/20/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/11/2000 |

**BEFORE PITTMAN AND BANKS, P.JJ., AND MILLS, J.**

**BANKS, PRESIDING JUSTICE, FOR THE COURT:**

¶1. The underlying charge in this interlocutory appeal is one of first impression in our State. It is a charge of felony murder where the underlying felony is driving while intoxicated as a third offender. At this juncture, however, we are called upon to determine whether a prior conviction for reckless driving, arising out of the same nucleus of facts, presents a bar to this prosecution under the double jeopardy clauses of the Constitutions of the United States or that of the State of Mississippi. We answer that it does not. We affirm the action of the trial court denying dismissal.

**I.**

¶2. On November 10, 1996, Jason Lee ("Lee") was arrested and charged with DUI (Third Offense); Driving While License Suspended Under Implied Consent Law; and Reckless Driving. On January 13, 1997 Deputy Sheriff Robert Thompson made affidavit in the Justice Court of Sunflower County in order to charge Lee with operation a motor vehicle while intoxicated and causing the death of Derrick Young, and an arrest warrant was issued for the arrest of Lee on the charge of Vehicular Homicide.

¶3. On February 11, 1997, Lee appeared before Judge Burrell, Justice Court Judge, Sunflower County,

Mississippi, with counsel, and was bound over to await the action of the grand jury on the charge of vehicular manslaughter. Subsequently, on February 24, 1997, Lee pled guilty to and was convicted of Reckless Driving and Driving While License Suspended. Lee paid his fine that day.

¶4. On April 9, 1997, the Assistant District Attorney presented Lee's case to the Grand Jury of Sunflower County, Mississippi. The Grand Jury returned an indictment against him entitled "INDICTMENT-FELONY MURDER 97-3-19 (1)(c)." The indictment provided in pertinent part:

> That JASON LEE, on or about the 10th day of November, 1996, in Sunflower death, then and there kill and murder one, Derrick Young, a human being, at a time which JASON LEE was engaged in the commission of the felony crime of third offense driving under the influence of intoxicating liquor when JASON LEE had been previously convicted of driving under the influence of intoxicating liquor on two prior occasions within five years of this offence all in violation of section 97-3-19 (l)(c) of the Mississippi Code of 1972 as amended, against the peace and dignity of the State of Mississippi.

¶5. On May 27, 1997, Lee filed his "Motion to Dismiss" the charge pending against him in the circuit court alleging that his conviction for reckless driving bars a subsequent prosecution for felony murder with the underlying felony being DUI (Third Offense) when the facts and circumstances which were the basis for the reckless driving conviction are the same as that which would provide the basis for a conviction for felony murder in this case. On October 17, 1997, a hearing was held on various pretrial motions filed by Lee. Counsel for Lee requested to be allowed to provide the court with cases concerning the issues raised at the hearing.

¶6. The circuit court's memorandum opinion and order denying the motion to dismiss was entered on November 26, 1997. On January 30, 1998, the court's order granting interlocutory certification was entered. On June 3, 1998, and by order filed in the Supreme Court on June 29, 1998, this Court granted Lee permission to appeal the interlocutory order.

## II.

¶7. This case is one of first impression for the appellate courts of Mississippi. Lee is charged with murder under § 97-3-19 (1)(c):

> (1) The killing of a human being without the authority of law by any means or in any manner shall be murder in the following cases:

> (C) When done without any design to effect death by any person engaged in the commission of any felony other than rape, kidnaping, burglary, arson, robbery, sexual battery, unnatural intercourse with any child under the age of twelve (12), or nonconsensual unnatural intercourse with mankind, or felonious abuse and/or battery of a child in violation of subsection (2) of Section 97-5-39, or in any attempt to commit such felonies.

Miss. Code Ann. § 97-3-19 (Supp. 1999). The underlying felony used to elevate this matter to murder is driving under the influence of intoxicating liquor, in violation of Miss. Code Ann. § 63-11-30 (l)(c); and a third offense, § 63-11-30 (2)(c)(1996). Following the incident, Lee was issued a citation for reckless driving. He appeared in justice court in February of 1997, pled guilty to the charge, was sentenced and paid his fine.

¶8. Deputy Robert Thompson's accident report indicates that he received statements from witnesses saying that Lee was driving at a high rate of speed and lost control of the vehicle. All the occupants of the vehicle were given alcohol blood tests at the Bolivar County Hospital. Miss. Code Ann. § 63-11-8 (1) (1996) provides "[t]he operator of any motor vehicle involved in an accident that results in a death shall be tested for the purpose determining the alcohol content or drug content of such operator's blood, breath or urine...."

¶9. Lee argues that the "reckless driving" charge was, at least in part, the basis for the administration of the alcohol test. The results of the alcohol test were used to charge Lee with felony DUI.

¶10. Lee contends that, as the reckless driving was a part of the underlying probable cause for administration of the alcohol test, it violates the Double Jeopardy Clause to prosecute him for felony murder, underlying offense, felony DUI, when he has been convicted of the charge of reckless driving based on the same incident. Lee does not contend that the elements of the crime of reckless driving are completely encompassed by the elements required for conviction of felony murder, nor does Lee maintain that reckless driving is a lesser-included offense of felony murder. Lee argues that the State will have to prove the reckless driving in order to show probable cause to administer an alcohol test. Thus, asserts Lee, the reckless driving for which he was once convicted is an essential element of the States proof of felony murder-felony DUI. We disagree.

¶11. Even if the reckless driving was necessary to show probable cause it would not constitute jeopardy for imposition of a double jeopardy bar. Probable cause is a preliminary procedural issue, important only to meet some constitutional objection to evidence. Showing probable cause does not put one in jeopardy. Jeopardy attaches when a jury is impaneled or a trial commences where a determination of guilt may be imposed. Probable cause is neither tantamount or necessary to that process.

¶12. Even assuming that a probable cause determination could constitute jeopardy, it would not be a bar here. The reckless driving statute states in relevant part that "[a]ny person who drives any vehicle in such a manner as to indicate either a wilful or a wanton *disregard for* the *safety of persons or* property is guilty of reckless driving...." Miss. Code Ann. § 63-3-1201 (1996).

¶13. The DUI statute states in relevant part that:

> It is unlawful for any person to drive or otherwise operate a vehicle within this state who (a) is under the influence of intoxicating liquor; (b) is under the influence of any other substance which has impaired such person's ability to operate a motor vehicle; (c) has ten one-hundredths percent (.10%) or more for persons who are above the legal age to purchase alcoholic beverages under state law, or eight one-hundredths percent (.08%) or more for persons who are below the legal age to purchase alcoholic beverages under state law.

Miss. Code Ann. § 63-11-30(1) (1996). The statute further states under Miss. Code Ann. § 63-11-30(2)(c), that a third or subsequent conviction of any person under this statute is a felony.

¶14. Miss. Code Ann. § 97-3-19(1)(c) provides that a person is guilty of felony murder when an unlawful killing occurs while the person is engaged in a felony other then those specifically excluded. Felony DUI is not an excluded felony.

¶15. When comparing the reckless driving, DUI, and felony-murder statutes, it can be readily seen that

proof of reckless driving is not necessary to prove felony DUI or felony murder.

## III.

¶16. Lee's other assignments of error relate to matters which we do not ordinarily consider on interlocutory appeal in criminal cases. *De La Beckwith v. State,* 615 So.2d 1134, 1138-39 (Miss. 1992). We will not discuss them here.

## IV.

¶17. For the foregoing reasons, the lower court's order is affirmed.

¶18. **AFFIRMED.**

**PRATHER, C.J., PITTMAN, P.J., SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**